Filed 10/9/24  P. v. Long CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD BOB LONG, JR.,<br><br>Defendant and Appellant. | F087388<br><br>(Super. Ct. No. 20357)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Stanislaus County.  Kellee C. Westbrook, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 1996, a jury convicted defendant Richard Bob Long, Jr., of multiple felonies, including possession of methamphetamine while armed with a firearm (Health & Saf.

Code, § 11370.1), possession of a firearm by a felon (Pen. Code, former § 12020), possession of methamphetamine (Health & Saf. Code, § 11377), escape from jail (Pen. Code, § 4532, subd. (b)), receiving stolen property (*id.*, § 496, subd. (a)), and seven counts related to credit card fraud (*id.*, §§ 484f, former subd. (2), 484g). Five strike allegations and two prior prison term allegations were also found true. The court sentenced defendant to two consecutive terms of 25 years to life for the possession offenses and the escape charge, plus a determinate term of two years for the prison priors, and two years for the credit card fraud related charges.

In 2014, defendant filed a petition to modify his sentence under the Three Strikes Reform Act (Pen. Code, § 1170.126; Reform Act or the Act) (section 1170.126), which the trial court denied. In 2022, the California Department of Corrections and Rehabilitation identified defendant as an individual potentially eligible for relief under section 1172.75. The court held a resentencing hearing during which it dismissed defendant's prior prison term enhancements, but it declined to strike defendant's prior strikes.

On appeal, defendant argues the trial court erroneously resentenced him to an indeterminate term in prison as a three-strike defendant. He contends none of his current convictions were for violent or serious felonies and he should have been resentenced under the Reform Act as a one-strike offender. Relatedly, he contends *People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978 (*Guevara*), review granted March 12, 2024, S283305, and *People v. Kimble* (2024) 99 Cal.App.5th 746 (*Kimble*), review granted April 24, 2024, S284259, erroneously rejected the defendants' claims they should have been sentenced as one-strike defendants during resentencing under Penal Code section 1172.75 (1172.75).

We affirm.

2.

# FACTUAL AND PROCEDURAL HISTORY

In 1995, defendant was charged with four counts of credit card forgery (Pen. Code § 484f, former subd. (2)), three counts of credit card fraud (*id.*, § 484g), receiving stolen property (*id.*, § 496, subd. (a)), escape (*id.*, § 4532, subd. (b)), possession of a dangerous weapon (*id.*, former § 12020), possession of a controlled substance while possessing a firearm (Health & Saf. Code § 11370.1), and possession of a controlled substance (*id.*, § 11377).[1] It was further alleged defendant had previously suffered five prior burglary convictions that qualified as strike prior convictions (§§ 667, subd. (d), 1192.7, subd. (c)) and two prior prison terms as defined in section 667.5, former subdivision (b).

A jury convicted defendant of all of the charges. Allegations defendant had previously suffered five strike prior convictions (Pen. Code, §§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and he had served two prior prison terms within the meaning of section 667.5, former subdivision (b) were also found true. The court sentenced defendant to an aggregate term of 52 years to life, consisting of 25 years to life for the escape conviction and a consecutive 25 years to life for the drugs and weapons possession convictions charged in the third case,[2] plus two years for the two prison prior enhancement allegations.[3]

In 2014, defendant moved for relief pursuant to section 1170.126, the Reform Act. The court denied his petition.

---

[1]The credit card related offenses and the possession of stolen property offense were charged in Stanislaus Superior Court case No. 1876 (first case). The escape was charged in Stanislaus Superior Court case No. 12683 (second case). The drug and weapon offenses were charged in Stanislaus Superior Court case No. 20357 (third case). The three cases were consolidated for trial.

[2]The abstract of judgment states one term of 25 years to life was "inclusive" for the violations of Penal Code former section 12020, and Health and Safety Code sections 11370.1 and 11377, plus a consecutive term of 25 years to life for the jail escape charge.

[3]The court dismissed the prior conviction allegations in connection with the first case and imposed concurrent two-year terms on each of the offenses in that case.

In 2022, the California Department of Corrections and Rehabilitation identified defendant as an individual potentially eligible for resentencing after the passage of Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), and on August 15, 2023, defendant filed a "Resentencing Brief and Invitation for the Court to Strike and/or Dismiss Enhancements" (some capitalization omitted) in which he alleged his Penal Code section 667.5, former subdivision (b) enhancements were now legally invalid, which made him eligible for recall and resentencing pursuant to Senate Bill 483. Defendant also asserted the court should apply "'any other changes in law that reduce sentences or provide for judicial discretion'" at the section 1172.75 resentencing. Specifically, he asserted the court had authority to resentence him without imposing a strike term pursuant to Proposition 36 and/or *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. He also detailed alleged "mitigating circumstances," including that he "is over 60 years of age," "permanently disabled and uses a wheelchair," "has attended positive programming consistently since 2015," and "has been violation free since 2015."

The People filed a response to defendant's motion in which they agreed defendant's two prison prior enhancements should be stricken. They further asserted the court should deny additional resentencing based on defendant's criminal history and conduct while in prison. Specifically, they argued the court should deny defendant's request to dismiss his strike prior as part of resentencing because he poses an unreasonable risk of danger to the public. In support, they detailed defendant's rules violations while in custody. They noted, three years earlier, the parole board had found defendant to be an unreasonable risk to public safety based on his relapse, defendant had previously been denied relief under Proposition 36 in 2014, and he remains a risk to public safety. They also argued defendant fell within the spirit of the three strikes law based on his "past criminal conduct, his conduct in his case, and his criminal conduct while in prison." They attached to their response a transcript from defendant's 2020 parole suitability hearing along with the appellate opinion from his direct appeal, the

transcript from his 1988 change of plea in case No. 231130, and evidence of defendant's rules violations and "Custodial Counseling[s]" while incarcerated.

The court held a hearing on defendant's section 1172.75 petition for relief on October 23, 2023. At the hearing, defense counsel asserted, over the 25 plus years that defendant had been incarcerated, he had demonstrated "he is at this point certainly intent on keeping his sobriety." Defense counsel argued defendant, who was 63 at the time, had "earned his GED" and "been programming extremely well." She asserted there were four prison priors, two that were stayed, all of which the parties agreed should be stricken. Defense counsel also stated, with regard to the application of the Reform Act at resentencing, "I don't know if the Court has a question about … 1170.126 and whether it somehow supercedes [*sic*] 1172.75, but I would state that that issue is before the California Supreme Court, and the attorney general has switched their position to find that those two code sections can actually be read … as companion code sections. One does not rule out relief under the other. But again, supreme court is going to have the final say on that." Defense counsel asserted the court did not have a lot of sentencing discretion in this case, but the defense would be seeking another *Romero* motion and asking the court to "consider strongly the post-programming of [defendant] and consider sentencing without impression of a strike."

The prosecution stated it had "the certified priors," marked them as exhibits, and asked the court to consider them. The prosecutor then argued, "In 1995, Defendant was wanted for escaping. Officers responded to the location where they found the defendant with a sawed-off shotgun and a revolver. When clearing a vehicle in the garage where he was located, officers also found a sword and a .22 caliber revolver. When he was being booked, he was found in possession of methamphetamine." She also asserted defendant had multiple rules violations over the years, "including possession of … inmate-manufactured alcohol, controlled substance possession, mutual combat fighting, and paraphernalia." The People acknowledged defendant had "made improvements in his

5.

programming" and "he has reduced his amount of violations." However, in 2020, though defendant was 60 and eligible for elder parole release, the Board of Parole Hearings noted "he still struggled with substance abuse," and there was "a nexus between that and his criminality." They concluded defendant was "an unreasonable risk to public safety," which "is a higher standard than what the Court is considering here as to whether additional sentencing is necessary."

The court noted defendant had been sober "for quite a substantial period of time now." The People countered that defendant was still having violations in custody while in a secure environment so, "What are we to expect when he is released into society earlier than what is expected and earlier than the board thought necessary given the programming he'd been doing and his continued violations?" Defense counsel responded that defendant had not had a rules violation since his early 50's and he was now 63 years old. She argued, "[s]tatistically, he's pretty aged out in terms of whether we would expect he should commit a criminal offense if released." Defendant also asked the court, if it declined to resentence him, to consider running his life sentences concurrently rather than consecutive to permit him an opportunity for parole.

The court took the matter under submission, noting defendant's age, that the majority of his offenses were theft- and drug-related, and that he had a violation in 2015. The court further noted defendant "was in basically solitary confinement and knew that he couldn't get out unless he refused pain medication, and then he got out and couldn't take the pain anymore. So there is some mitigating circumstances there." The court also noted, "it requires a pretty high standard for me to deviate from the sentence that was already given." It stated defendant would receive something in the mail when the court came to its decision.

In a written order dated December 7, 2023, the court declined to reduce defendant's sentence beyond striking the now invalid prison prior enhancements. The court discussed *Kimble*, *supra*, 99 Cal.App.5th 746, review granted, in which the Third

6.

District Court of Appeal affirmed the trial court's decision not to exercise its discretion to strike the Penal Code section 667, subdivision (d) strike priors or to resentence the defendant as a second strike offender, but then the Supreme Court transferred the matter back to that court after the Attorney General conceded the Reform Act applied during a section 1172.75 resentencing. The December 7, 2023, order stated:

> "While the issue is not definitively decided, this court did grant [defendant] a full resentencing hearing. Arguments and exhibits were presented regarding [defendant]'s prior criminal history, his subsequent prison conduct, and the nature of the committing offenses.[5] [Defendant] has been continually involved with the criminal justice system since the age of 13. He was granted several grants of juvenile probation and sentenced to complete camps but was ultimately sentenced to the California Youth Authority in 1975. He was incarcerated in Utah and served time in the Colorado State Penitentiary. Then he sustained five counts of first-degree burglary in this county and was sentenced to over nine years in state prison. Thereafter, he was sentenced to two years in state prison in 1993 for a weapons offense. At the time of the current offense, he was still on parole for a previous offense. While incarcerated for some of the charges in this matter, he escaped and was found with a sawed-off shotgun, drugs and body armor.

> "When evaluating [defendant]'s subsequent conduct, the court considered the extensive testimony given on October 30, 2020, at the parole suitability hearing. Since being in prison, [defendant] sustained several rule violations, but appeared to be engaging in rehabilitation. He had completed some programming, participated in work at the prison, and provided a plan for relapse. However, despite participating in these programs, [defendant] purchased medication on the prison yard just prior to his suitability hearing. Since 1974, [defendant] has been given opportunities to change his criminality and address his substance abuse problem. [Defendant] should be commended for his recent progress. The court notes that relapse, such as that suffered by the [defendant] in 2020, is often part of the recovery process. But after such a lengthy history where drug use precipitated much of [defendant]'s criminality, there is concern that [defendant] still poses an unreasonable safety risk. Additionally, he continued to fail to follow prison rules in 2022 when he refused to accept his cell assignment.

"His sentence still falls within the spirit of the Three Strikes Law, and the court does not find that the interests of justice would be furthered by dismissing the strike priors at this time."

Footnote 5 from the above quote states as follows:

"In 2014, [defendant] requested resentencing after the passage of the Three Strikes Reform Act. He was 'armed' with a sawed-off shotgun during his escape and committing offense and thus was disqualified from relief."

Accordingly, the abstracts of judgment reflect updated sentences of 25 years to life for the possession offenses and a consecutive term of 25 years to life for the jail escape, with additional terms of two years for each of the fraudulent credit card use and forgery offenses, ordered to run concurrently to the indeterminate terms.

## DISCUSSION

### I.       Resentencing Proceedings Under Section 1172.75

In October of 2021, the Governor signed Senate Bill 483, effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison term enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (*Id.*, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75,

"the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (*Id.*, subd. (c).)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

## II.    Three Strikes Reform Act

Defendant argues the court erred in failing to resentence him pursuant to the three strikes law in effect at the time of the section 1172.75 resentencing, which required him to be sentenced as a one-strike defendant pursuant to the Reform Act. For the reasons that follow, we reject defendant's contention.

### A.    Applicable Law

"On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 (the Act), which became effective the next day. Before the Act's passage, the 'Three Strikes' law provided that a recidivist offender with two or more qualifying strikes was subject to an indeterminate life sentence if the offender was convicted for any new felony offense. [Citation.] The Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the

9.

offender is not eligible for a determinate sentence based on other disqualifying factors. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596–597.) The California Supreme Court has subsequently clarified that "when a court resentences a third strike defendant …, … the presence of a current offense that is serious or violent does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 680.)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure. (§ 1170.126, subd. (a).) Under section 1170.126, 'within two years after the effective date of the act … or at a later date upon a showing of good cause,' such persons can file a petition for a recall of sentence before the trial court that entered the judgment of conviction. (*Id*., subd. (b).) If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subds. (e), (f)), section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id*., subd. (f)). In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court … determines to be relevant.'" (*People v. Conley* (2016) 63 Cal.4th 646, 653 (*Conley*).)

In *Conley*, the California Supreme Court rejected the defendant's contention that he and others whose judgments were not final as of the effective date of the Reform Act were entitled to automatic resentencing under the revised penalty provisions of the Act. (*Conley*, *supra*, 63 Cal.4th at pp. 657–659, 661–662.) The *Conley* court explained, "unlike the statute at issue in [*In re Estrada* (1965)] 63 Cal.2d 740, the Reform Act [was]

10.

not silent on the question of retroactivity.  Rather, the Act expressly addresse[d] the question in [its resentencing provision], the sole purpose of which is to extend the benefits of the Act retroactively." (*Id.* at p. 657.)  And that provision "dr[ew] no distinction between persons serving final sentences and those serving nonfinal sentences, entitling both categories of prisoners to petition courts for recall of sentence under the Act." (*Ibid.*)  The *Conley* court further explained, "the nature of the [Reform Act's] recall mechanism and the substantive limitations it contains call[ed] into question the central premise underlying the *Estrada* presumption," namely, that the lawmaking body had "categorically determined that 'imposition of a lesser punishment' will in all cases 'sufficiently serve the public interest.'" (*Conley*, at p. 658.)  Therefore, instead of mandating lesser punishment in all cases, voters conditioned relief on a judicial assessment of the risk that resentencing would pose to public safety.  (*Ibid.*; § 1170.126; accord, *People v. DeHoyos* (2018) 4 Cal.5th 594, 602.)

## B.     Analysis

Defendant contends none of his convictions were violent or serious felonies.  He asserts, he should have been resentenced under the three strikes law in effect at the time of the section 1172.75 resentencing hearing and, accordingly, he should have been resentenced as a one-strike defendant.  Relatedly, he contends *Guevara*, *supra*, 97 Cal.App.5th 978, review granted, and *Kimble*, *supra*, 99 Cal.App.5th 746, review granted, erroneously rejected the defendants' claims they should have been sentenced as one-strike defendants during resentencing under section 1172.75.  Accordingly, he contends the matter should be remanded to the trial court for another sentencing hearing.  He argues the reasoning of *Conley*, *supra*, 63 Cal.4th 646 does not apply because the defendant in *Conley* "relied on the judicial inference of retroactivity under *In re Estrada* for relief whereas defendant's right to relief is expressly granted by a statute."  He contends "the express wording of section 1172.75, subdivision (d)(2) … requires the trial

court to apply the full resentencing rule when sentencing a defendant under that statute." And *Kimble* is flawed because it creates "an exception to section 1172.75, subdivision (d)(2) that is not supported by its plain wording." Defendant further contends, contrary to *Kimble*, denying full resentencing to defendants sentenced to three-strike sentences when their current conviction was not a violent or serious felony would subject them to disparate treatment and frustrate the intent of section 1172.75, subdivision (d)(2) to reduce sentences. He also contends there is no conflict in the statutes, so there is no reason to consider the rules of statutory construction related to a specific statute prevailing over a general statute as the *Kimble* court did.

The People respond that they agree with defendant "in part." They contend, "[t]he provisions of section 1172.75, when read in conjunction with the modifications to section 1170.126 under the Reform Act, entitle a prisoner such as [defendant] to full resentencing under both provisions." They acknowledge the courts in *Kimble*, *Guevara*, and *People v Santos* (2024) 100 Cal.App.5th 666, 674, review granted May 29, 2024, S284341, have rejected this position. They further assert, despite this concession, "because the jury necessarily found that [defendant] was armed during the commission of the offense of possessing methamphetamine while armed with a firearm (Health & Saf. Code, § 11370.1), he is not eligible for relief on that count."

We reject the parties' arguments; we cannot conclude the court erred in failing to automatically resentence defendant to a second strike sentence under the Reform Act. As discussed, in *Conley*, the California Supreme Court rejected the argument the *In re Estrada*, *supra*, 63 Cal.2d 740 (*Estrada*) presumption requires automatic application of the Reform Act to nonfinal judgments. (*Conley*, *supra*, 63 Cal.4th at p. 661.) Rather, the *Conley* court expressly held "voters intended for previously sentenced defendants to seek relief [pursuant to the Reform Act] under section 1170.126." (*Ibid*.) Accordingly, "[p]risoners presently serving indeterminate life terms imposed under the prior version of the Three Strikes law, including those with nonfinal judgments, may seek resentencing

under the Act, but subject to judicial determination of whether resentencing would pose an unreasonable danger to the public," as provided for in section 1170.126.  (*Conley*, at p. 661.)  Thus, under *Conley*, as an individual who had previously been sentenced, defendant was not entitled to automatic resentencing under the Reform Act during the section 1172.75 resentencing.

Indeed, *Conley*'s reasoning that its understanding of the recall mechanism was reinforced by the statutory scheme squarely applies here.  (*Conley*, *supra*, 63 Cal.4th at p. 658; § 1170.126; *People v. DeHoyos*, *supra*, 4 Cal.5th at p. 602.)  As *Conley* noted, the Reform Act established "a new set of disqualifying factors" related to the nature of the defendant's current offense that preclude a third strike defendant from receiving a second strike sentence, and these factors have to be "'plead[ed] and prov[ed]' by the prosecution."  (*Conley*, at p. 659, quoting Pen. Code, § 1170.12, subd. (c)(2)(C).)  The Reform Act did not, however, specify how that requirement was to be satisfied in the case of a defendant who had already been sentenced.  (*Conley*, at p. 659; *DeHoyos*, at p. 602.)  This omission reinforces the conclusion the voters had not contemplated that previously sentenced individuals, like defendant, would be resentenced automatically under these new sentencing procedures, but instead intended that such defendants would seek relief under the Reform Act's resentencing provision, which contained no comparable pleading and proof requirements.  (*Conley*, at pp. 660–661; *DeHoyos*, at pp. 602–603; see *People v. Padilla* (2022) 13 Cal.5th 152, 168 ["Of course, courts may assess the practical operation of an ameliorative law in determining whether it was intended to apply retroactively to all nonfinal cases, as *Estrada* presumes"].)

Notably, multiple appellate courts have reached this same conclusion, relying upon *Conley* to hold a defendant is not entitled to automatic resentencing under the Reform Act when a defendant is resentenced pursuant to section 1172.75.  (See *Guevara*, *supra*, 97 Cal.App.5th at pp. 984–987 [Ct. App., Second Dist., Div. Six], review granted; *People v. Santos*, *supra*, 100 Cal.App.5th at pp. 675–676 [Ct. App., Third Dist.], review

13.

granted; *Kimble*, *supra*, 99 Cal.App.5th at pp. 750–751 [Ct. App., Third Dist.], review granted; *People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, 1261–1267 (*Williams*) [Ct. App., Sixth Dist.], review granted Aug. 28, 2024, S286128.)  *Santos* and *Kimble* reasoned we are bound by *Conley*'s conclusion that, with regard to the application of the revised penalty provisions in the Reform Act, the *Estrada* rule was overridden by section 1170.126.  (See *Santos*, *supra*, at p. 675; *Kimble*, *supra*, at p. 758.)  Accordingly, "even during a full resentencing, the Reform Act cannot be applied retroactively to entitle [a defendant] to automatic resentencing outside of section 1170.126."  (*Santos*, at p. 675; accord, *Kimble*, at pp. 753, 758.)

Defendant asserts our conclusion ignores the Legislature's express decision to require "full resentencing" pursuant to section 1172.75, subdivision (d), citing *People v. Buycks* (2018) 5 Cal.5th 857.  We disagree.

To the contrary, interpreting section 1172.75, subdivision (d) as requiring automatic resentencing under the Reform Act "would unconstitutionally amend the Reform Act by eliminating the public safety inquiry required to avoid imposing a mandated third strike sentence of 25 years to life on defendant."  (*People v. Santos*, *supra*, 100 Cal.App.5th at p. 676, review granted; accord, *Guevara*, *supra*, 97 Cal.App.5th at p. 985, review granted.)  It would "render[] void for those lucky enough to have had a prior prison term enhancement the provisions of section 1170.126, requiring the filing of a petition, the deadline for filing the petition, and the trial court's discretion to deny the petition on the ground of an unreasonable risk to public safety [based on a lower evidentiary standard].  In other words, contrary to the [Reform Act's resentencing procedure, requirements, and the] express words of section 1170.126, … the trial court must release [the defendant] even though his release has been found to pose an unreasonable risk of danger to public safety."  (*Guevara*, *supra*, at p. 984; accord, *Williams*, *supra*, 102 Cal.App.5th at p. 1261, review granted.)  Accordingly, it would carve out an exception to section 1170.126's applicability by permitting certain

14.

defendants currently serving an indeterminate term of imprisonment, namely those whose sentence includes a now invalid prison prior enhancement, automatic relief, thereby circumventing section 1170.126's requirements. (See *Guevara*, *supra*, at p. 985 ["*Guevara*'s interpretation of section 1172.75, subdivision (d), would result in a wholesale repeal of section 1170.126 for those inmates serving an indeterminate term with a [now invalid] prior prison term enhancement"].) But the Reform Act allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership. (Prop. 36, § 11, subd. (b).) And Senate Bill 483 did not pass with the requisite two-thirds vote. (Official Cal. Legis. Information Web site <https://leginfo.legislature.ca.gov/faces/billVotesClient.xhtml?bill_id= 202120220SB483> [as of Oct. 7, 2024].) Thus, even if we were to speculate that, in passing section 1172.75, subdivision (d), the Legislature intended defendants to be sentenced anew under the three strikes law in effect at the time of the section 1172.75 resentencing, its attempt to do so would unconstitutionally amend section 1170.126.

Furthermore, we reject defendant's contention *Estrada* has no import as to whether the three strikes law as amended by the Reform Act should have applied at resentencing. Rather, we agree with *Kimble* that, "[w]hether we apply subsequent changes to punishments at a resentencing still requires that we examine the retroactive application of the amended law and inquire into the application of the *Estrada* rule." (*Kimble*, *supra*, 99 Cal.App.5th at p. 757, review granted.) Said differently, though section 1172.75, subdivision (d)(2) directs courts to apply any "changes in law that reduce sentences," the retroactivity of a new law still determines whether it applies at resentencing.

In *People v. Padilla*, *supra*, 13 Cal.5th 152, the California Supreme Court held, when a sentence is vacated as a result of a collateral attack by way of habeas corpus, Proposition 57 (the Public Safety and Rehabilitation Act of 2016)—which "amended the law governing the punishment of juvenile offenses in adult criminal court by requiring

15.

hearings to determine whether the offenses should instead be heard in juvenile court"—should apply at resentencing. (*Padilla*, *supra*, at pp. 158; see *id.* at p. 168.) In reaching this conclusion, the high court relied on *Estrada*, *supra*, 63 Cal.2d 740, 745, which held that laws mitigating punishment are presumed to apply retroactively to nonfinal cases. (*Padilla*, at pp. 160–161.) The *Padilla* court explained "Proposition 57 reflects a decision by California's voters that the range of punishments meted out in criminal court is too severe for most juvenile offenders. In accord with *Estrada*, our presumption is that the voters wanted that reduction in punishment to stretch "'as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'" [Citations.] Nothing about this presumption is undermined when a case is nonfinal because the defendant's sentence has been vacated rather than because the initial review of the sentence has not yet concluded." (*Id.* at p. 162.)

To the extent the recall and resentencing under section 1172.75 resulted in vacatur of defendant's judgment and rendered it nonfinal as discussed in *Padilla*, *Conley* expressly held *Estrada* does not require automatic application of the Reform Act to nonfinal judgments. (*Conley*, *supra*, 63 Cal.4th at pp. 657–661.) Rather, "the text, structure, and purposes of the Act all lead to the conclusion that the electorate meant what it said when it approved section 1170.126: Prisoners presently serving indeterminate life terms imposed under the prior version of the Three Strikes law, including those with nonfinal judgments, may seek resentencing under the Act, but subject to judicial determination of whether resentencing would pose an unreasonable danger to the public." (*Id.* at p. 661.) "The voters authorized defendant and others similarly situated to seek resentencing under the recall provisions of section 1170.126, but they did not intend to confer a right to automatic resentencing under the amended penalty provisions of the Reform Act." (*Id.* at pp. 661–662.)

Because we are bound by *Conley*'s conclusion that a defendant whose conviction is not final is not entitled to automatic resentencing under the Reform Act, we cannot

conclude the court erred in failing to automatically resentence defendant as a one-strike offender during the section 1172.75 resentencing. (See *Conley*, *supra*, 63 Cal.4th at p. 659; see also *Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

In his reply brief, defendant alternatively contends for the first time that a remand is necessary so the trial court can exercise its discretion under section 1170.126 to resentence defendant as a one-strike defendant, citing the concurring and dissenting opinion in *Williams*, *supra*, 102 Cal.App.5th at pages 1270–1274, review granted. [4]

---

[4]The *Williams* majority noted the Reform Act authorizes a petition for recall of sentence outside of its two-year timeframe "'upon a showing of good cause,'" but the *Williams* court was "not persuaded that the legislative enactment of section 1172.75 … constitute[d] good cause" in that case such that Williams was entitled to make a second request for resentencing under the Reform Act outside the two-year timeframe. (*Williams*, *supra*, 102 Cal.App.5th at p. 1264, review granted.) Specifically, it held, "[n]othing in the Reform Act or in the voter materials suggests that good cause includes subsequent legislative enactments that provide for recall and resentencing. In addition, a defendant's rehabilitative progress in prison does not constitute good cause to permit an untimely successive petition under the Reform Act." (*Ibid.*)

In the *Williams* concurring and dissenting opinion, Presiding Justice Greenwood agreed that requiring automatic resentencing as a second strike defendant under section 1170.12 during a section 1172.75 resentencing would constitute an impermissible amendment to the Reform Act. (*Willams*, *supra*, 102 Cal.App.5th at p. 1268, review granted.) But she asserted "a reasonable construction of section 1172.75 and section 1170.126 harmonizes both statutes while preserving the voters' intent to protect public safety by giving judges the discretion to determine the risk of danger posed by resentencing as set forth in Proposition 36." (*Ibid*.) That is, "an eligible petitioner who petitions for resentencing under both section 1170.126 and section 1172.75 may be entitled to a 'lesser sentence' in the absence of clear and convincing evidence that it 'would endanger public safety' under the latter section, but the court may still determine in its discretion that the petitioner should not be resentenced under the current version of [section] 1170.12 [*sic*] if doing so 'would pose an unreasonable risk of danger to public safety' under section 1170.126. Alternatively, the court could find the petitioner eligible for resentencing under both statutes if doing so comports with both public safety standards." (*Id*. at pp. 1269–1270.) Presiding Justice Greenwood reasoned, "nothing in the plain language of section 1170.126 prohibits the trial court from considering a renewed petition for resentencing under that statute if the petitioner is otherwise eligible," and such a petition could be considered outside of the two-year timeframe provided for in the Act "upon a showing of good cause." (*Williams*, at p. 1270.) And she concluded the record in that case could support a discretionary finding that Williams had good cause for a renewed petition under section 1170.126. (See *Williams*, at pp. 1270–1274.) She noted, ultimately, good cause is a matter subject to the trial court's discretion based on the totality of the circumstances, so she would allow the parties to address it below if Williams were to assert it. (*Id*. at p. 1274.)

17.

However, "we do not consider arguments raised for the first time in a reply brief." (*People v. Mickel* (2016) 2 Cal.5th 181, 197.)  Additionally, the record before us does not reflect defendant filed a renewed petition for recall and resentencing under section 1170.126, detailing a basis to find good cause for the untimely filing.  (*Williams*, *supra*, at p. 1266 ["voters did not intend to confer a right to resentencing under the amended penalty provisions of the Reform Act outside the procedure and requirements set forth in section 1170.126"].)  Furthermore, the trial court previously denied defendant's petition under section 1170.126 and also noted its concern during the section 1172.75 resentencing that defendant still poses an unreasonable risk to public safety.

For all these reasons, we reject defendant's contentions.

## DISPOSITION

The order is affirmed.


PEÑA, J.

WE CONCUR:


LEVY, Acting P. J.


DE SANTOS, J.

18.